CHARLES MYGATT, for another, plaintiff in error, vs. WILLIAM H. PRUDEN, defendant in error.

When the maker of a note offers it in evidence to prove that he has paid it off, it is incumbent on him first, to prove that the paper which he offers is the one which was in circulation.

Complaint, in Clay Superior Court. Tried before Judge KIDDOO, at March Term, 1859.

The facts are sufficiently stated in the opinion of the Court.

DOUGLASS & DOUGLASS, for plaintiff in error.

PERKINS, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

Mygatt had a verdict for a small sum, and moved for a new trial on the ground, that from the evidence, he ought to have had just a hundred dollars more. The only controversy was about the hundred dollars. The parties had cross demands, all of which were acknowledged to have been originally correct, but Pruden claimed that Mygatt's account against him ought to have been credited with a hundred dollars, he showing a receipt from Mygatt for so much cash. Mygatt replied that he had not kept that hundred dollars for his own use, but had applied it, at Pruden's request, to the payment of a note which Pruden owed to Whitlock, Nichols & Co. The reply is good, if true. There is no conflict in the evidence. Warner testifies that he, as clerk for Mygatt, paid out of Mygatt's funds $118 55, in taking up some note against Pruden. He does not remember what note it was, but does remember the amount paid on it by him, on account of an entry made by him at the time in Mygatt's check book. Strangely enough, Pruden introduced in evidence the Whitlock, Nichols & Co. note, and it

appeared to have been taken up (from an entry on it) by payment of exactly 118 55, the precise sum which Warner had paid out of Mygatt's funds for Pruden. This clearly makes an item of $118 55 in favor of Mygatt against Pruden ; but it appears from a letter of Pruden's, that he had paid Mygatt the $18 55, thus reducing the item to just $100 00. But Mygatt's account against Pruden, covering this very time, contains no such item. Now if Mygatt applied the hundred dollars for which he gave his receipt, to the payment of Pruden's debt to Whitlock; Nichols & Co., it is clear that it should not be credited on his demands against Pruden. But if he applied that hundred dollars as a payment to himself, then Pruden ought indeed to have credit for it, but Mygatt ought to have put into his account another item of $100 00 against Pruden, for so much money paid to his use. The dilemma is complete. In either case Mygatt was entitled to have a verdict for $100 00 more than he got, and we think the verdict was contrary to the evidence.

Pruden was allowed, against the objection of the plaintiff, to read in evidence a note, which he said was the Whitlock, Nichols & Co. note, without proving that the paper which he produced had ever been in circulation. We think this was error, though from the confirmation which the paper gave to Warner's testimony, it seems as if the plaintiff was benefitted rather than injured by it; however, it was illegally admitted. When he relied on his possession of the note to show that *he* and not the plaintiff had paid it off, as was his evident object, the very gist of the proof, was in showing that as the possession was now in him so it *had been* in the payee. His possession alone was not sufficient to raise an inference that he had paid it—it took the two things together, his present possession and the former possession of the payee, to raise such an inference.

Judgment reversed.